# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Michael Frank Johnson, Respondent.

Appellate Case No. 2017-001154

Opinion No. 27756
Submitted November 30, 2017 – Filed December 20, 2017

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael Frank Johnson, of Taylors, pro se.

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Respondent Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to disbarment. He requests his disbarment be imposed retroactively to April 1, 2014, the date of his interim suspension. *In the Matter of Johnson*, 407 S.C. 510, 756 S.E.2d 897 (2014). We accept the Agreement and disbar Respondent from the practice of law in this state, retroactive to the date of his interim suspension. In addition, we impose certain conditions on readmission as described in this opinion. The facts, as set forth in the Agreement, are as follows.

## Matter A

A check issued by Respondent on his trust account was presented against insufficient funds. Respondent initially reported he had made a bookkeeping mistake and immediately deposited the funds necessary to correct the problem.

Respondent later stated he had accidentally paid himself excess fees in one case by failing to take into account a properly issued check he issued months earlier in another matter that had not yet cleared. Respondent returned the excess fees to the account. Respondent admits he was not maintaining a receipt and disbursement journal or client ledgers, and as a result, he failed to properly safe keep $125 in filing fees he was holding for Client A. He was also not reconciling his account and not retaining his trust account bank statements. During the investigation, Respondent created and submitted to ODC ledgers for the two clients believed to be involved in the insufficient funds report, but those ledgers were not accurate. Because Respondent did not maintain records of the purposes of his transactions, the bank records alone do not provide a complete picture of Respondent's handling of the funds entrusted to his care. During the 22 months he had a trust account with Wells Fargo Bank, Respondent made 16 cash withdrawals totaling $12,393.66. He also made cash deposits without noting the name of the clients on his deposit slips and issued checks to himself and to third parties without identifying the client whose funds were being disbursed. Respondent issued checks for filing fees from his trust account for some clients for whom no deposit into the trust account could be identified.

## Matter B

Respondent represented Client B on a personal injury matter for $17,900. He immediately paid $5,000 to Client B and told him he may receive additional proceeds after all medical bills were paid. Rather than pay Client B's medical bills, Respondent converted the remaining proceeds for his personal use and stopped taking Client B's calls. When Client B filed a complaint, Respondent wrote ODC and Client B, denying any misconduct and explaining he was negotiating Client B's medical bills. By the dates of these letters, Respondent had already removed most of the proceeds from his trust account. In his response to a request for additional documentation, Respondent admitted he had been dishonest with ODC about his handling of client funds. He admitted that he had taken money from his trust account in Client B's case and in other cases to pay personal bills. Respondent also admitted he provided false information to ODC during the investigation of Matter A. Respondent's admitted misconduct resulted in his interim suspension. Shortly before being suspended, Respondent transferred $287.01 to his trust account and paid this amount to Client B. Client B filed a claim with the Lawyers' Fund for Client Protection (Fund), and the Fund awarded him $9,151.54, making allowance for a legal fee to Respondent.

## Matter C

After Respondent was placed in interim suspension, the South Carolina Commission on Indigent Defense complained that he had been paid flat fees in the amount of $900 on 24 cases that had to be reassigned to new counsel as a result of his interim suspension. Respondent has not returned any of these fees to the Commission on Indigent Defense.

## Violations of Rules of Professional Conduct

Respondent admits that by his conduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (lawyer shall keep client reasonably informed about status of matter), Rule 1.15(a) (lawyer shall hold funds of client in connection with representation in an account separate from lawyer's funds and complete account records shall be kept by lawyer; Respondent shall comply with Rule 417, SCACR), Rule 1.15(d) (a lawyer who receives funds in which a client or third person has an interest shall promptly notify the client or third person), Rule 8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), Rule 8.4(d) (it is professional misconduct to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and Rule 8.4(e) (it is professional misconduct to engage in conduct that is prejudicial to the administration of justice). Additionally, Respondent admits by failing to keep adequate financial records and by withdrawing funds from his trust account in cash, he failed to obey the financial recordkeeping rules of Rule 417, SCACR.

Finally, Respondent admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for Respondent to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline to engage in conduct that brings the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## Conclusion

We accept the Agreement and disbar Respondent from the practice of law in this state. This sanction shall be retroactive to April 1, 2014, the date of Respondent's interim suspension.

Within thirty (30) days of the date of this order, Respondent shall enter into an agreement with ODC to pay the costs incurred by ODC and the Commission on Lawyer Conduct in the investigation of this matter, to repay the Fund for the disbursements it made to Client B, and to repay all fees paid by the South Carolina Commission on Indigent Defense for the 24 cases which were reassigned as a result of Respondent's interim suspension.

Prior to readmission, Respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, Advertising School, and Law Office Management School. Further, prior to readmission, Respondent shall hire a forensic accountant to review his trust account records. Respondent shall pay restitution to any clients or third parties to whom the accountant determines Respondent failed to make proper disbursements.

Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**